# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL


July 10, 1967

Hon. Milton J. Schiller
Chairman, Contingent Expense
  Committee
House of Representatives
Austin, Texas

Opinion No. M-101

Re: Interim expenses of
    members of the House
    of Representatives,
    60th Legislature.

Dear Mr. Schiller:

Your request for an opinion reads as follows:

"House Simple Resolution No. 448 by Wayne,
a copy of which is attached, was passed during
the Regular Session of the Sixtieth Legislature.

"Pursuant to the provisions contained on
Page 6, concerning the rental of electric type-
writers and transcribing equipment, an official
opinion is respectfully requested, as follows:

"1. Provided a Member of the House has
filed a rental agreement for such equipment,
and over a period of time, after monthly rental
payments have been made to the business firm,
may such accumulated rental payments be used as
equity toward the actual purchase of the equip-
ment, provided the Member makes the final payment
from his personal funds?

"2. If the above opinion is in the affirma-
tive, and such equity may be applied toward final
purchase, would such equipment become the personal
property of the Member of the House, or would it
become the property of the State of Texas, subject
to the Property Inventory Laws of the State?

"We will appreciate your official opinion on
this matter at your earliest convenience."

-456-

In Terrell vs. King, 118 Tex. 237, 14 S.W.2d 786 (1929), it was held that a Resolution was an appropriate and constitutional method to direct the expenditure of a portion of appropriation for the expenses of members of the Legislature between sessions. In that case, the Court upheld a portion of the Resolution whereby members of an interim committee would receive certain expenses incurred in the conduct of the committee's duties. The Court stated:

"It is manifest that certain expenditures must be made by the state, in the way of legislative expenses, or the grant of legislative power could never be effectually exercised. No one would question legislative disbursements for comfortable assembly halls and committee rooms, or for clerks, stationery, etc. Within the same category of legitimate expenses of the Legislature or of either house comes reimbursement to members for actual expenses reasonably incurred in order to perform duties devolving on duly authorized committees of the Legislature, or of either house, when such committee members are called to other points than the capital, or when called to the capital otherwise than during the sessions of the Legislature."

It is noted that at the time Terrell v. King, supra, was decided, Section 24 of Article III did not provide for an annual salary, but merely a per diem during the time that the Legislature was in session and therefore performance of official duties was not on an annual basis except for such interim committee work as was assigned to interim committees created by the Legislature. In 1960, Section 24 of Article III of the Constitution of Texas was amended so as it now reads as follows:

"Members of the Legislature shall receive from the Public Treasury an annual salary of not exceeding Four Thousand, Eight Hundred Dollars ($4,800) per year and a per diem of not exceeding Twelve Dollars ($12) per day for the first one hundred and twenty (120) days only of each Regular Session and for thirty (30) days of each Special Session of the Legislature. No Regular Session shall be of longer duration than one hundred and forty (140) days.

"In addition to the per diem the Members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed Two Dollars and Fifty Cents ($2.50) for every twenty-five (25)

miles, the distance to be computed by the nearest
and most direct route of travel, from a table of
distances prepared by the Comptroller to each
county seat now or hereafter to be established; no
Member to be entitled to mileage for any extra
Session that may be called within one (1) day after
the adjournment of the Regular or Called Session."

It is noted that the foregoing constitutional amendment
now provides in addition to per diem and traveling expenses an
annual salary for members of the Legislature, thus recognizing that
official duties of members of the Legislature are   performed through-
out the year and are not limited to duties performed while the Legis-
lature is in session.  Therefore, in determining what expenses are
allowed to be paid out of the Contingent Expenses Appropriation for
members of the House of Representatives, it is necessary to examine the
provisions of House Simple Resolution No. 448 of the Regular Session
of the 60th Legislature.  The provisions of House Simple Resolution
No. 448 applicable to your question reads as follows:

"RESOLVED, That the Contingent Expense Committee
is hereby authorized and directed to credit such
Representative an amount as determined by the Com-
mittee on House Administration not to exceed $200
a month during any period the Legislature is not in
session.  This amount is authorized to pay for the
employment of a private secretary and for expenditures
for stationery, supplies, postage, telephone tolls,
telegraph tolls, answering service, and rental of
electric typewriters and transcribing equipment.
Expenditures authorized hereunder shall be paid out
of the Legislative Expense Fund of the 60th Legis-
lature or any other funds appropriated for the use
of the House of Representatives; and, be it further

"RESOLVED, That each Representative may rent
electric typewriters, transcribing equipment, or
subscribe to an answering service providing the
monthly rental fee does not exceed $25 for each
item.  A copy of the rental agreement regarding
any of the above must be filed with the Contingent
Expense Committee before payment is made; . . ."
(Emphasis added)

It is noted that the foregoing provision does not authorize
the purchase of typewriters or transcribing equipment but the Resolu-
tion limits the expenditure of State funds in this connection only
to the payment of rent for such equipment.  Therefore, the State of

Texas cannot from the provisions of House Simple Resolution No. 448 pay public funds toward the purchase of a typewriter or transcribing equipment. However, any equity or option to purchase acquired by virtue of the rental contract becomes property of the State of Texas. Art. III, Section 51, Texas Constitution.

## S U M M A R Y

The Resolution is an appropriate and constitutional method to direct expenditure of a portion of appropriation and financing expenses incurred by members of the Legislature in the conduct of their official business while the Legislature is not ir session. House Simple Resolution No. 448 of the Regular Session of the 60th Legislature authorizes the payment of funds for rental of electric typewriters and transcribing equipment. Such Resolution does not authorize the purchase of such equipment. Any equity or option to purchase acquired by virtue of a rental contract belongs solely to the State. Article III, Section 51, Texas Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
J. H. Broadhurst
V. F. Taylor
Neil Williams
Ralph Rash

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.